## DUKE *et al. v.* AYERS, administrator, *et al.*

1. An assignment of error in a bill of exceptions, based upon the admission of evidence, should state the objection made to the evidence, and that such objection was urged at the time the evidence was offered: otherwise no question is raised for determination.
2. The plaintiff having alleged that a judgment had been fully paid off and satisfied by him, for which reason he prayed for its cancellation, and 'the defendants having denied this allegation, a motion made by the holder of the judgment to amend the same, in which it was recited that the judgment had not been paid either by the plaintiff, who was executor of the person against whose estate the judgment was rendered, or by the legatees of such person, the plaintiff being one of them, and the answer of the plaintiff to such motion, in which he admitted that the statements in the motion were true, such proceeding having been instituted and such admission by the plaintiff having been made subsequently to the time when he claims that such judgment was paid off in full by him, were admissible upon the issue thus made as to the payment of such judgment; and said admission being solemnly made in court, such proceedings were likewise admissible to conclusively estop the plaintiff from asserting that said judgment had been previously paid by him.
3. In view of the above ruling, the court did not err in refusing to enjoin the enforcement of the execution in favor of E. Duke against the estate of Amanda Duke, upon the ground that it had been paid in full and

Appeal and Error, 3 C. J. p. 1370, n. 32, 33; p. 1371, n. 37; p. 1372, n. 41.
Equity, 21 C. J. p. 172, n. 13; p. 173, n. 14; p. 174, n. 19; p. 179, n. 70.
Estoppel, 21 C. J. p. 1228, n. 69; p. 1233, n. 8.
Evidence, 22 C. J. p. 331, n. 97; p. 333, n. 22; p. 423, n. 19.
Executions, 23 C. J. p. 561, n. 11; p. 578, n. 88.
Mortgages, 41 C. J. p. 367, n. 75; p. 368, n. 91, 93.

should be canceled; and the court likewise did not err in refusing to enjoin the enforcement of the executions in favor of the First National Bank of Jefferson and J. C. Turner against E. Duke, upon the ground that they had been levied upon lands which the plaintiff had conveyed to E. Duke to secure the said judgment, and which he asserted had been redeemed by him by the full payment of the debt to secure which they had been conveyed.

4. If the deeds which the plaintiff made to E. Duke were absolute conveyances, then the plaintiff made no case which entitled him to enjoin the sale of the lands therein embraced, under levies of the executions held by the First National Bank of Jefferson and J. C. Turner against the grantee in said deeds. If these deeds were executed to secure debt, they vested the legal title to the lands therein conveyed in Duke, subject to be defeated by the payment of the debt; and they vested in Duke legal estates subject to levy and sale under said executions issuing upon judgments against him. The equity of the plaintiff is to pay off the debts secured by these deeds; and until he pays or offers to pay the debts, he can not show that these deeds were executed merely to secure debt, and obtain injunctive relief against the holders of the judgments against the vendee therein.

5. The court did not err in refusing to grant the temporary injunction prayed by the plaintiff.

No. 5429.   JANUARY 11, 1927.

Petition for injunction. Before Judge Fortson. Jackson superior court. April 22, 1926.

G. S. Duke filed his equitable petition against J. S. Ayers and Essie C. Duke, as administrator and administratrix of the estate of E. Duke, the First National Bank of Jefferson, John C. Turner, and Fred Archer, sheriff, and made these allegations: In the year 1919 there was pending certain litigation between G. S. Duke, executor of the estate of Amanda Duke, B. A. Hill, and others, which was long drawn out. E. Duke purchased the right, title, and interest of B. A. Hill in said lawsuit, and obtained a verdict and judgment against the Amanda Duke estate, of which petitioner was executor, in 1911, for the sum of $2,500. Previously E. Duke had agreed to accept from petitioner deeds to certain real estate to secure him for whatever sum he might recover in said litigation against the Amanda Duke estate. These lands are the lands described in the executions and judgments held by the First National Bank and J. C. Turner. One of these tracts contains 63-65/100 acres, more or less, and will be designated as lot No. 1. One contains 7-1/4 acres, more or less, and will be designated as lot No. 3. The other tract contains 50 acres, more or less, and is known as lot No. 4. At the time he deeded said lands to E. Duke, he was to execute to him his note for what-

ever sum of money Duke might recover in said litigation against the Amanda Duke estate, and Duke was to execute to him his bond for title therefor, and was to mark the judgment satisfied and have the same canceled of record. The contract was not reduced to writing, but was to be completed at the end of the litigation. E. Duke was his nephew, in whom he had confidence. He often called Duke's attention to the fact that they had not closed up the agreement by executing the note and bond for title as agreed; but the same went along in this way until the death of Duke. Petitioner was an old man, and trusted to his nephew to carry out his agreement as made above. On March 6, 1924, he paid Duke the full amount of the fi. fa. held against the Amanda Duke estate, and the same was fully satisfied and should be marked canceled of record. The administrators of the estate of E. Duke have no right to have said fi. fa. proceed against the lands of the Amanda Duke estate, as it is now proceeding under levy by the sheriff, who is advertising the same for sale to satisfy said execution. The First National Bank and J. C. Turner have no right to proceed against the lands which he so deeded to E. Duke, and which they have levied upon and are advertising for sale under fi. fas. from the city court of Jefferson, containing special liens against said lands, for the reason that said lands were deeded to Duke to secure money borrowed from him to pay the Amanda Duke fi. fa., which, on March 6, 1924, was paid in full to the said E. Duke, of which fact said bank and Turner had full knowledge and notice. The First National Bank of Jefferson accepted its deed to said 63-65/100 acres of land to secure the debt of Duke to it, on October 20, 1920, knowing that petitioner was in possession of said lands and had been in possession thereof for years previous, and that Duke had no title, equity, and interest in them. Turner accepted his deed to said 57-1/4 acres of land to secure a debt of Duke to him on December 4, 1918, and he accepted said deed knowing that petitioner was in possession of said land, and had been in possession thereof for years previous, and that Duke had no title, equity, or interest therein. Petitioner did not have notice or knowledge that E. Duke had deeded to the bank and Turner the lands that petitioner had deeded to him to secure the debt above stated, until after the death of the said Duke. Duke did not obtain petitioner's consent to execute said deeds, nor did petitioner in any other way

authorize Duke to execute said deeds, and Duke had absolutely no title, interest, or equity whatever in said lands, and said deeds conveyed no title, interest, or equity therein to said parties. At the time the bank and Turner accepted deeds to petitioner's land to secure debts of Duke, the latter was not in possession of said land, but petitioner was in actual possession thereof. Duke practiced a fraud upon petitioner in executing said deeds to the bank and Turner. The estate of Duke is insolvent. Petitioner prayed that the defendants be restrained from further proceeding with their fi. fas., that the fi. fa. in favor of the estate of E. Duke be canceled and marked satisfied, and that the deeds executed by Duke to the bank and Turner be canceled.

The defendants demurred to this petition, upon the following grounds: (a) There is no equity in it. (b) Plaintiff has a full and complete remedy at law. (c) There is a non-joinder of parties. (d) There is a misjoinder of parties. (e) It does not show any interest in common among the several defendants, or with the plaintiff, or any reason why the several defendants should be joined. (f) Petitioner has no interest in the subject-matter of this suit. (g) The petition is multifarious. (h) Plaintiff has been negligent. (i) He is barred by his laches. (j) No facts are set forth showing the kind and manner of notice brought to the bank and Turner, the possession of the plaintiff not being notice of his rights. In their answer the administrators of E. Duke denied the substantial allegations of the petition upon which the relief prayed by petitioner was based. The bank and Turner, in their answer, likewise denied the substantial allegations upon which the relief sought by petitioner is based. They admitted that Duke was the nephew of petitioner. They further set up that before the execution of his deeds to them, Duke had made deeds to said lands to secure debts.

On the hearing of the application for injunction petitioner introduced the affidavit of Harvey M. Duke, who deposed as follows: He was the father of E. Duke and the brother of petitioner; he had lived in the home of petitioner since 1887; he had been in constant touch with the business affairs and dealings between his brother and his son; they would consult and advise with him in practically all of their business relations; the relations between his son and brother were as close as if they were father and son. Petitioner had implicit confidence in E. Duke. Deponent was familiar

with the litigation between B. A. Hill and the Amanda Duke estate and her heirs; he was one of the parties to said litigation. E. Duke in his lifetime purchased the fi. fa. held by B. A. Hill against the Amanda Duke estate and petitioner. Before this purchase petitioner as executor had approached E. Duke and contracted with him to give him petitioner's note for the judgment rendered in said case, and to secure the same with deeds to the lands described in the deeds executed by E. Duke to the First National Bank and J. C. Turner. E. Duke agreed to accept the note of G. S. Duke for said judgment and deeds to secure the same, and to execute to G. S. Duke a bond for title; and under this agreement G. S. Duke executed a deed to 63-65/100 acres of land to E. Duke, and instructed W. C. Appleby as executor to execute a deed to E. Duke for lots 3 and 4 of the Long land, which G. S. Duke had purchased at the executor's sale. G. S. Duke was to execute his note to E. Duke, and E. Duke his bond for title when the litigation was ended and the amount could be definitely ascertained as to what the Amanda Duke estate was due E. Duke. Deponent heard the contract between G. S. Duke and E. Duke, heard them several times afterwards go over the same, and heard them state that they would get together and complete the same and execute the note and bond for title; and the note and bond for title were never executed. On June 5, 1909, G. S. Duke owed the Equitable Security Company a note secured by 123 acres of land, and E. Duke took up said loan for G. S. Duke. G. S. Duke paid E. Duke the amount of said loan, and on March 6, 1914, G. S. Duke sold said land to W. P. DeLaperriere. E. Duke executed a deed to DeLaperriere at his request. $2,300 of the purchase-money was paid to DeLaperriere on a debt due by G. S. Duke to him; the remainder of said purchase-money was evidenced by DeLaperriere's note for $2,500, payable to E. Duke in satisfaction of the verdict and judgment in the Amanda Duke litigation. G. S. Duke has been in the open, notorious, continuous, and exclusive possession of the lands described in plaintiff's petition for more than fifteen years. G. S. Duke kept the interest on said verdict and judgment paid up from rents of lands near Pendergrass. Deponent is an heir of the Amanda Duke estate and is interested therein, and knows that the fi. fa. of E. Duke against the Amanda Duke estate has been paid and satisfied, and that the administrators of E. Duke are not entitled to collect anything for said estate.

Plaintiff introduced the affidavit of H. P. DeLaperriere, one of the executors of W. P. DeLaperriere, who deposed, that on March 6, 1914, and previously, G. S. Duke owed his father and W. P. DeLaperriere & Sons the sum of $2,300; that his father bought 123 acres of land from G. S. Duke on March 6, 1914; and that said Duke paid all obligations he was due W. P. DeLaperriere and W. P. DeLaperriere & Sons out of the same, and W. P. De-Laperriere executed his note in the sum of $2,500 to E. Duke, this being the balance of the purchase-price of said land, at the direction of G. S. Duke. Plaintiff introduced the affidavit of Guy Roberts, who deposed, that he is cashier of Pendergrass Banking Company, and was such on March 6, 1914, when said bank discounted for E. Duke a note executed to E. Duke by W. P. DeLaperriere for $2,500; and that the proceeds of said note were deposited to the credit of the said E. Duke in said bank, and were checked out by him. Plaintiff introduced the affidavits of H. P. DeLaperriere, H. R. Niblack, and W. A. McNeal, in which they deposed that they had known G. S. Duke for several years and knew E. Duke in his lifetime; that G. S. Duke had been in full and exclusive possession of the lands involved in this case, had been receiving the rents therefrom for the past fifteen years or more; and that E. Duke was never in possession of said lands. Plaintiff introduced his own affidavit, in which he deposed that he had returned said lands for taxes and paid the taxes thereon for nearly fifty years; that he had been in possession thereof for years and years; and that he had no knowledge or notice whatever that said lands had been used by E. Duke in his lifetime as security to other parties.

The defendant J. C. Turner introduced the following documentary evidence: (1) The fi. fa. in his favor against Essie C. Duke and J. S. Ayers, administrators of the estate of E. Duke, deceased, the same being in regular form, with special liens upon said lots 3 and 4. (2) Warranty deed from E. Duke to J. C. Turner, executed December 4, 1918, the consideration being $5,000, and given to secure a loan, embracing said lots 3 and 4, and recorded December 4, 1918. (3) Deed from W. C. Appleby, executor, to E. Duke, executed March 10, 1909, embracing said lots 3 and 4, and duly recorded. (4) Security deed from E. Duke to Hardman & Phinizy, executed January 20, 1915, to secure a loan of $1,-065.11, embracing said lots 3 and 4, recorded January 22, 1915.

29

(5) A quitclaim deed for the purpose of levy and sale, from J. C. Turner to Essie C. Duke and J. S. Ayers, as administrators of the estate of E. Duke, executed December 19, 1922, embracing said lots 3 and 4, and recorded December 12 (?), 1922.

The First National Bank introduced the following documentary evidence: (1) Fi. fa. in its favor against Essie C. Duke and J. S. Ayers as administrators of the estate of E. Duke, issued from the city court of Jefferson, December term, 1921, for $3,040 principal, $239.82 interest, $8.85 costs, and $327.98 attorneys' fees, being in due and regular form, with a special lien upon said tract No. 1. (2) Deed from itself to Essie C. Duke and J. S. Ayers as administrators of the estate of E. Duke, deceased, made for the purpose of levy and sale, properly executed, and recorded December 19, 1922. (3) Deed from E. Duke to said bank, dated October 20, 1920, embracing said tract No. 1, duly executed, and recorded October 20, 1920. (4) Deed from E. Duke to Hardman and Phinizy, dated May 25, 1916, consideration $1,247.20, embracing said tract No. 1, properly executed, and recorded May 29, 1916. (5) Deed from G. S. Duke to E. Duke, dated April 29, 1905, consideration $150, conveying said tract No. 1, duly executed, and recorded May 4, 1905. (6) Certain deeds under which G. S. Duke claimed title to said land. (7) Deed from E. Duke to Hardman and Phinizy, dated February 5, 1917, consideration $3,000, conveying said lot No. 1, duly executed and recorded February 9, 1917. (8) Quitclaim deed from Hardman and Phinizy to E. Duke, executed March 31, 1917, consideration $3,000, embracing lot No. 1, and recorded April 2, 1917. (9) Deed from G. S. Duke to E. Duke, executed March 4, 1919, consideration $1,527.60, embracing lot No. 1, and recorded April 6, 1919.

J. S. Ayers and Essie C. Duke, as administrators, introduced the following documentary evidence: (1) Fi. fa. from Jackson superior court, February term, 1918, in favor of E. Duke *v.* G. S. Duke, executor of the estate of Amanda Duke, deceased, based on judgment obtained February 12, 1911, with interest at eight per cent., with special lien on 340 acres of land, more or less, known as the Amanda M. Duke home place. On this execution was a receipt from the sheriff to G. S. Duke, for the payment of $50 on said fi. fa. (2) Quitclaim deed from Essie C. Duke and J. S. Ayers, administrators of the estate of E. Duke, deceased, to G. S.

Duke, embracing the lands last mentioned, made for the purpose of levy and sale, and duly recorded December 21, 1922. (3) A motion of E. Duke in the case of B. A. Hill *v.* H. M. Duke et al., filed August 6, 1917, which recited that on February 13, 1911, a verdict and decree were rendered on a consolidated petition in favor of B. A. Hill against H. M. Duke, E. Duke, and others, finding in favor of movant for the sum of $2,500, with interest, and a lien created in favor of movant on 340 acres of land, described in the pleadings in said case, and in which it was decreed that upon payment of said sum title to said land vest absolutely in the estate of Amanda M. Duke, to be administered according to her will; that neither the legatees nor G. S. Duke, the executor of Amanda M. Duke, had paid the movant said sum of $2,500; that said judgment does not state the rate of interest to be paid, and since the pleadings show that movant borrowed some money and that complainant stood ready to pay the full amount with interest at eight per cent. per annum, the verdict and judgment should be amended in this respect; that the verdict and decree did not expressly say that movant should recover said amount, nor does it direct that execution issue thereon, in express words, with a special lien on said 340 acres of land, though the pleadings so authorized and judgment was so intended; that no execution has issued on said verdict and decree, and unless the same is issued within a short time said judgment will become dormant; that said estate of Amanda M. Duke is still represented by G. S. Duke as executor; that said executor was a party to said case, and as such represented the legatees; that said executor is still in possession of said land; and that movant files this motion to have said verdict and decree so amended as to fix the rate of interest at eight per cent. per annum, and to provide for the recovery of said $2,500, with a special lien upon said land, and to direct the clerk to issue execution thereon, and to amend the decree in any other manner to conform to the pleadings in said case and to protect his rights. He prayed that the decree be so amended. G. S. Duke as executor of Amanda M. Duke, on August 6, 1917, acknowledged due and legal service of said motion and the rule nisi issued thereon, and in answer thereto admitted that the statements made in said motion were true and correct, that the execution should issue, that the decree should be amended as prayed for, that the rate of interest

should be eight per cent. as contracted in writing, and that fi. fa. should issue for $2,500, with eight per cent. interest from judgment, and be a special lien upon the 340 acres of land described in the pleadings. Thereupon a judgment was entered on said motion, amending said decree as prayed.

The bill of exceptions assigns error in admitting in evidence the record of said motion and judgment amending the decree, on the grounds, that the same was irrelevant and immaterial and not germane to the issues formed by the pleadings before the court, the same being in the nature of an estoppel, and there being no pleading by the defendant setting up an estoppel; and that no service appeared to have been made upon the legatees of the Amanda Duke estate. There is no statement that these grounds of objection were urged against the admission of these proceedings.

The judge refused to grant a temporary injunction; to which judgment the plaintiff excepted on the ground that the same is contrary to law, and that the case presented questions of fact which should have been presented to a jury for their determination.

*Pemberton Cooley,* for plaintiffs. *Jere S. Ayers,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. The bill of exceptions recites that the court erred in admitting in evidence the motion to amend the decree in favor of E. Duke against the estate of Amanda Duke, together with an acknowledgment of service of this motion by G. S. Duke, as executor of Amanda Duke, and the judgment of the court amending this decree, upon the grounds that this evidence was immaterial and irrelevant, and because there was no pleading setting up these proceedings as an estoppel against the plaintiff in the present case. It does not appear from the bill of exceptions that these objections to the admission of this evidence were made at the time the evidence was offered and admitted. It is now a well established rule of practice that an assignment of error in a bill of exceptions, based upon the admission of evidence, should state the objection made to the evidence, and that such objection was uged at the time the evidence was offered; otherwise, no question is raised for determination. *Cooper* v. *Chamblee,* 114 *Ga.* 116 (39 S. E. 917); *Butts* v. *State,* 118 *Ga.* 750 (45 S. E. 593); *Simmons* v. *State,* 126 *Ga.* 632 (55 S. E. 479); *Simmons* v. *State,* 138 *Ga.* 137 (74 S. E. 1000). So we can not say that the court erred in admitting this proceeding.

2. This evidence being in, we must give to it all such force and effect as it is entitled to. In his petition the plaintiff alleged that the judgment obtained by E. Duke against the estate of Amanda Duke had been fully paid off and satisfied by him, and that the same should be canceled of record. In their answer the administrators of Duke denied the allegation that this judgment had been fully paid off and satisfied by him. Upon the issue of the payment vel non, the plaintiff introduced evidence tending to establish the payment of the judgment. In reply the defendants introduced a motion made by Duke to amend his said judgment. This motion recites that the judgment had not been paid by plaintiff, who was the executor of Amanda Duke, nor by the legatees, of whom the plaintiff was one. In his answer to this motion the plaintiff admitted this statement to be true. The judgment was amended as prayed. This proceeding was had, and this admission was made by the plaintiff subsequently to the time when he claims to have paid said judgment in full. Independently of its admissibility for the purpose of establishing an estoppel, this evidence was admissible to show the non-payment of this judgment. Furthermore, these proceedings estopped the plaintiff from setting up that he had previously paid off and satisfied this judgment. In the motion to amend his judgment, E. Duke alleged that it had not been paid either by the legatees under the will of Amanda Duke, or by the plaintiff as her executor. In his acknowledgment of service of this motion, and in his answer thereto, the plaintiff admitted that this statement was true. His answer was filed and became a part of the record in the cause in which the judgment issued. His admission of the non-payment of this judgment was a solemn admission in judicio that the judgment had not been paid. The court acted upon it and amended the judgment as prayed. By such admission, made in judicio, the plaintiff is estopped from asserting that he had paid off this judgment at a date prior to the making of such admission. Civil Code (1910), § 5736. So we are of the opinion that the court properly refused to grant a temporary injunction restraining the administrators of E. Duke from proceeding with the enforcement of the execution which issued upon this judgment.

3. It follows from the above ruling, that the execution in favor of E. Duke against the estate of Amanda Duke has not been

paid, and that the contention of the plaintiff that it should be canceled for this reason is not well founded, even if the plaintiff is in a position to raise this point and to secure this relief. It further follows from the above ruling, that the contention of the plaintiff that the enforcement of the executions in favor of the bank and Turner against E. Duke should be enjoined, because they have been levied upon lands which he conveyed or caused to be conveyed to said Duke to secure debt which has been fully paid, fails. In consequence of these conclusions, the plaintiff is not entitled to relief against these executions on the above grounds; and if nothing further appeared, he makes no case entitling him to equitable relief.

4. Does the plaintiff make a case entitling him to any other equitable relief under the facts? He states the facts, and prays that equity take jurisdiction, and that all his rights in the premises be protected. If the deed which he made to E. Duke to lands to which he held the legal title, and the deed which he caused to be made to E. Duke to lands of which he was the equitable owner, were absolute deeds of sale, then he would not be entitled to any relief against the judgments and executions which these parties hold against E. Duke. If these deeds were instruments executed to secure debt, they vested the legal title to these lands in Duke, subject to be defeated by payment of the debt. They vested in Duke legal estates which he could sell, assign, or convey to secure debt. The lands are subject to levy and sale under judgments against the vendee. The purchaser at sheriff's sale would acquire the right to receive the money due on the secured debt. *Parrott* v. *Baker,* 82 *Ga.* 364 (9 S. E. 1068); *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434); Civil Code (1910), § 6038. Being in equity, the plaintiff must do equity, and must pay or tender the secured debt before he will be entitled to the relief prayed against the bank and Turner. Civil Code (1910), § 4521. This is a favorite maxim of equity. These judgment creditors are seeking to enforce legal rights by levy and sale of legal estates vested in Duke under these deeds. If they are only security deeds, the equity of the plaintiff is to pay up the debt secured by them. Until this is done he makes no case entitling him to the equitable relief sought.

5.   Under the above rulings, the court did not err in refusing to grant the temporary injunction sought by the plaintiff.

*Judgment affirmed.   All the Justices concur.*