### 39548. MOORE v. CROOKE.

RUSSELL, Judge. 1. An attorney representing a married woman in a divorce action in which alimony is sought is, in the absence of an express contract, entitled to be compensated by her for his total services or any balance due thereon on a quantum meruit basis. *Fleming v. Phinizy,* 35 Ga. App. 792 (134 SE 814).

2. Where, however, it appears on the trial of an action brought by the attorney against his former client to recover a balance due on the reasonable value of his total services in the case that after the services were rendered the defendant inquired of the plaintiff whether she owed him anything more,

and the plaintiff replied that she did not as he had been paid in full, such admission against interest, if the jury believed it had in fact been made, is sufficient to support a verdict for the defendant as against the contention made by the motion for a new trial that the verdict was without evidence to support it. Cf. *Amos v. Flournoy*, 80 Ga. 771 (6 SE 696); *Duke v. Ayers*, 163 Ga. 444 (136 SE 410).

3. The fact that on the original trial of the divorce action the plaintiff in that action, defendant here, was not granted the real estate which she sought as a part of her alimony is not material. It appears that the attorney for the wife filed a motion for new trial, which was granted, and thereafter effectuated a settlement of the alimony features of the case in which his client was in fact given the real estate in question, but it also appears from her testimony that after all these things had transpired she again asked the attorney whether she owed him an additional fee, and he again stated that she did not. There is sufficient evidence to support the jury verdict.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JUNE 26, 1962—REHEARING DENIED JULY 19, 1962.

*W. P. Tapp, Clark Ray,* for plaintiff in error.
*Fine & Rolader, D. W. Rolader,* contra.

