31023. READING ASSOCIATES, LTD. et al. v. READING ASSOCIATES OF GEORGIA, INC.

UNDERCOFLER, Presiding Justice.

This litigation involves a rapid reading program system termed "optimation." The plaintiff, Reading Associates of Georgia, Inc., acquired certain rights to market "optimation" in Georgia by contract with Reading Associates, Ltd., a limited partnership, and The Reading Foundation of California, a nonresident Illinois nonprofit corporation. Among other agreements the plaintiff in accordance with the contract transferred one half of its authorized capital stock (10,000 shares) to Reading Associates, Ltd. Thereafter the plaintiff brought the instant suit to rescind the contract and recover its stock. It also claims certain damages. It alleges that Robert B. Ayers as agent for Reading Associates, Ltd., made certain fraudulent representations which caused plaintiff to enter into said contract. The defendants are Reading Associates, Ltd., The Reading Foundation of California, Reading Associates, Inc., which is the sole general partner of Reading Associates, Ltd., and Robert B. Ayers, a California resident who is an agent of Reading Associates, Ltd., an officer of The Reading Foundation of California, president of Reading Associates, Inc., and an

officer of the plaintiff corporation.

Defendants, except Reading Associates, Inc., having dismissed their trial counsel and having acquired new counsel to pursue this appeal, appeal from three orders of the trial court, namely, (1) the denial of Robert B. Ayers' motions to dismiss for lack of personal jurisdiction and improper venue, and Reading Associates, Ltd.'s motion to dismiss for improper venue; (2) permanently enjoining Reading Associates, Ltd., from voting, transferring or encumbering the stock of plaintiff corporation; and (3) finding all defendants except Reading Associates, Inc., in default for failure to file answers in proper time and therefore liable as prayed. The trial court reserved questions of damages for a jury trial.

Defendants admit that plaintiff has stated a cause of action and if proved would entitle it to the equitable remedy of rescission. The issues raised on this appeal are procedural. *Held:*

1. In our opinion the trial court was correct in denying the motions to dismiss for improper venue. The action was brought in DeKalb County where the contract was entered into by the parties. All defendants are nonresidents of Georgia except Reading Associates, Ltd., had an office in Fulton County at the time the cause of action arose and when suit was filed; however, its sole general partner, Reading Associates, Inc., is a nonresident corporation. A partnership may be sued in any county in which one of the partners resides. Code § 3-204. Where the sole general partner is a nonresident, personal jurisdiction may be exercised under the "Long Arm Statute" by the courts of this state as if he were a resident and venue is established in the county where the business was transacted. Code Ann. §§ 24-113.1, 24-116. The fact that the partnership has a place of business in the state does not establish venue as to the partners. See *King Bros. & Co. v. Passmore,* 18 Ga. App. 514 (1) (89 SE 1103) (1916). Service may be perfected upon an agent of the partnership. Code Ann. § 81A-104 (d) (2). Although Reading Associates, Ltd., only raised a question of venue we note that personal jurisdiction was acquired by the DeKalb County court by service on the partnership's agent, Robert B. Ayers, under order of the court. Robert B.

Ayers acknowledged receiving service of the petition and other pleadings and orders on July 16, 1975, in his testimony during a hearing on August 15, 1975. It follows also that Robert B. Ayers' motion to dismiss for lack of personal jurisdiction was properly denied by the trial court.

2. In our opinion the trial court was correct in finding the defendants on appeal here in default for failing to file answers in proper time. The evidence supports a finding that Robert B. Ayers and Reading Associates, Ltd., were properly served with plaintiff's petition and process on July 16, 1975, and The Reading Foundation of California was properly served on August 28, 1975. Answers were not filed until October 8, 1975. This is beyond the time required for filing. Code Ann. § 81A-112 (a). No motion to open the default was made. Code Ann. § 81A-155.

3. The trial court specifically found that the defendants were in default, had not moved to open such default, and thereupon entered its orders. In our opinion these are sufficient findings of fact and conclusions of law under the circumstances here. Code Ann. § 81A-152.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 19, 1976 — DECIDED MAY 18, 1976 — REHEARING DENIED JUNE 8, 1976.

*Patterson & Parks, Clayton Sinclair, Jr., Lovett, Ledbetter, Millkey & Corlew, Harold D. Corlew, John M. Millkey,* for appellants.

*Henning, Chambers & Mabry, Edward J. Henning,* for appellee.