## A92A0070. BENSCHOTER v. SHAPIRO.

(418 SE2d 381)

JOHNSON, Judge.

Donald Benschoter (Benschoter) served Theodore A. Shapiro d/b/a Any Time Service with a complaint seeking damages for injuries sustained when a forklift he was driving fell off a trailer. Theodore Shapiro (Shapiro) filed an answer asserting as an affirmative defense that he was an improper party defendant. Shapiro does not do business as Any Time Service and does not own the trailer involved in the incident. A corporation, TASS, Inc. (TASS), owns the trailer. TASS operates under the name "Any Time Service Co., a division of TASS, Inc." Shapiro is the president and sole shareholder of TASS. Benschoter filed a motion to add TASS as a party defendant. The trial court denied the motion and, on interlocutory appeal, we affirmed the trial court's decision. *Benschoter v. Shapiro*, 197 Ga. App. 357 (398 SE2d 399) (1990). The Supreme Court denied Benschoter's petition for a writ of certiorari.

Shapiro then filed a motion for summary judgment on the ground that he was an improper party defendant. Benschoter responded by filing his own motion for partial summary judgment on the ground

that Shapiro was estopped from asserting the improper party defense. Benschoter also filed a motion to amend his complaint after the parties had filed a consolidated pretrial order. The trial court entered an order granting Shapiro's motion for summary judgment and denying both Benschoter's motion for partial summary judgment and his motion to amend his complaint. Benschoter appeals from that order.

1. Benschoter's first enumeration of error is that the trial court incorrectly granted Shapiro's motion for summary judgement on the ground that he is an improper party. Benschoter argues that Shapiro is personally liable for the acts of the corporation, TASS. This enumeration is without merit.

"[I]n order to disregard the corporate entity because a corporation is a mere alter ego or business conduit of a person, it should have been used as a subterfuge so that to observe it would work an injustice. To prevail based upon this theory it is necessary to show that the shareholders disregarded the corporate entity and "made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist.' [Cit.] . . . Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, [Cit.], the mere operation of a corporate business does not render one personally liable for corporate acts. [Cit.] Sole ownership of a corporation . . . is not a factor, [Cit.] . . ." *Amason v. Whitehead*, 186 Ga. App. 320, 321-322 (367 SE2d 107) (1988).

In the instant case, Shapiro is the president and sole shareholder of TASS. It is undisputed that TASS owns the trailer which is the subject of Benschoter's complaint. Benschoter, however, has failed to show that the corporate entity should be disregarded; he has pointed to no evidence in the record which shows that Shapiro and TASS are not separate and distinct entities. In fact, the record before us indicates otherwise. Accordingly, Shapiro may not be held personally responsible for the acts of the corporation. The trial court's grant of summary judgment to Shapiro was therefore proper and will not be disturbed.

2. Benschoter's second enumeration is that the trial court erred in denying his motion for partial summary judgment. Benschoter argues that Shapiro is estopped from asserting the improper party defense, despite having raised it in his timely filed answer, because he did not comply with OCGA §§ 9-11-9 and 9-11-19. This enumeration is wholly without merit.

Benschoter's reliance on OCGA §§ 9-11-9 and 9-11-19 is misplaced. OCGA § 9-11-9 applies when a party raises the issue of legal capacity and § 9-11-19 governs joinder of parties. No issues of joinder or capacity exist in the instant appeal; the Code sections cited by

Benschoter have no bearing on this matter. Accordingly, the trial court's denial of Benschoter's motion for partial summary judgment is affirmed.

3. Benschoter's final argument is that the trial court erred in denying his motion to amend his complaint to add new allegations against Shapiro. The parties submitted a consolidated pretrial order which was signed and filed by the trial court. The pretrial order states that it supersedes the pleadings and may not be amended except by order of the court. This complies with Uniform Superior Court Rule 7.2 by setting the parameters for the trial. "Here no reason was advanced nor given for exceeding these boundaries and contravening the purpose of the Rules, which is to 'provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions.' [Cit.]" *Malley Motors v. Davis*, 183 Ga. App. 599, 600 (359 SE2d 394) (1987). Accordingly, we find no error in the court's denial of the motion to amend the complaint.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1992 —
RECONSIDERATION DENIED APRIL 24, 1992 — 

*Charles E. Moore, Jr.,* for appellant.
*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, Linda J. Pollock,* for appellee.