A97A2505, A97A2506. FORD v. UNIROYAL GOODRICH TIRE COMPANY et al. (two cases).
(497 SE2d 596)

SMITH, Judge.

These related appeals mark the return to this Court of two related personal injury actions that arose in 1989 and were originally tried in Fulton County. Previous appeals resulted in remand of both actions for new trial. See *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248 (461 SE2d 877) (1995) (*Ford I*), aff'd in part and rev'd in

part, *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996) (*Ford II*), on remand, 224 Ga. App. 187 (481 SE2d 6) (1997) (*Ford III*). The plaintiff-appellants have settled with the sole Fulton County defendant, and this appeal involves a single issue: the appropriate venue for these cases after settlement with and dismissal of that defendant. In each case, the trial court wrote an excellent, thorough, complete, and correct order granting defendant-appellees' motions to transfer. We adopt the text of the trial court's orders, in slightly modified form, as our opinion in this case.

These cases arose out of a vehicular collision that occurred on August 26, 1989. Appellants Claudia and Franklin Ford were passengers in a van when one of the tires on the vehicle separated and wrapped itself around the rear axle. The van was immobilized, stranding the occupants in the middle of I-85 where they were then struck in the rear by another vehicle. As a result, Franklin Ford suffered severe and permanent brain damage and Claudia Ford suffered a badly fractured leg. *Ford I*, supra at 249.

The Fords filed suit in Fulton County against International Automotive Corporation d/b/a NTW and Uniroyal Goodrich Tire Company, a Delaware corporation (the UGTC Corporation). Uniroyal Goodrich Tire Company, a New York partnership (the UGTC Partnership), the actual manufacturer of the tire at issue, was not sued. NTW, the tire retailer, was a resident of Fulton County and an alleged joint tortfeasor with the UGTC Corporation.

During the lawsuit, NTW settled with the Fords, denying liability and obtaining broad and general releases. When the Fords did not dismiss NTW, the UGTC Corporation moved to enforce the settlement and have NTW dismissed. UGTC also moved to transfer venue. The trial court denied the motion on the ground that NTW was still a party to the lawsuit because cross-claims between NTW and the UGTC Corporation were still pending. Thereafter, NTW and the UGTC Corporation settled the cross-claims, fully releasing each other and dismissing the claims. The UGTC Corporation and NTW thereupon jointly moved again to enforce the settlements and to have NTW dismissed; the trial court denied the motion. In addition, the trial court, on its own motion, added the UGTC Partnership. *Ford I*, supra at 251-252 (2).

This Court held that the trial court's order declining to dismiss NTW and directing that it remain a defendant during the trial was reversible error. Id. at 256-257 (4). We directed that upon remand, NTW's settlements be enforced and NTW be dismissed from the lawsuit. The only remaining defendants in the case are the UGTC Corporation and the UGTC Partnership, appellees here.

Appellees moved for transfer of the action due to improper venue, contending that venue in Fulton County vanished with the

dismissal of the only Fulton County resident in the case. The Fords insist that venue in Fulton County is still proper because one of the partners of the UGTC Partnership is subject to suit there. The trial court granted appellees' motions to transfer, and we affirm.

### UGTC Partnership

A partnership's residency is determined by statute. OCGA § 9-10-90 provides: "[T]he term 'nonresident' includes . . . a partnership . . . not residing, domiciled, organized, or existing in this state at the time a claim or cause of action under Code Section 9-10-91 arises. . . . The term 'nonresident' shall also include . . . a partnership . . . [that], at the time a claim or cause of action arises under Code Section 9-10-91, was residing, domiciled, organized, or existing in this state and subsequently becomes a resident, domiciled, organized, or existing outside of this state as of the date of perfection of service of process."

On the date of the accident, the UGTC Partnership was a New York general partnership. It was not formed or organized in Georgia or under Georgia law. It was not registered to do business in Georgia, it had no office in Georgia, its principal activities were not in Georgia, and it had no registered agent in Georgia. Because the UGTC Partnership is a nonresident, the relevant provisions of the Long Arm Statute, OCGA § 9-10-90 et seq., must be applied to determine venue. Under OCGA § 9-10-93, venue "shall lie in any county wherein a substantial part of the business was transacted, the tortious act, omission, or injury occurred, or the real property is located."[1] In this case, the business was transacted in Alabama, where the tire was manufactured, and the act or omission took place in DeKalb County, where the collision occurred. Therefore, venue over the UGTC Partnership would be proper in DeKalb County.

The Fords contend that venue as to the partnership lies in Fulton County because one of the partners has a Fulton County registered agent and a partnership can be sued wherever one of its partners resides.[2] We disagree. The plain language of the Long Arm Statute shows that the status of the defendant partnership, not the status of the individual partners, determines both residency and venue. OCGA §§ 9-10-90; 9-10-93. See *Dodd v. Simpson*, 191 Ga. App. 369, 370 (381 SE2d 585) (1989) (transfer of case against partnership to Whitfield County improper even though one partner resident of

---

[1] This language was amended by Ga. L. 1997, p. 480, § 1.

[2] On the relevant date, the two partners of the UGTC Partnership were a Delaware corporation and a New Jersey corporation. The New Jersey corporation had a registered agent for service in Fulton County.

that county). The Fords' reliance on decisions predating the enact-
ment of the Long Arm Statute is misplaced. Equally misplaced is
their reliance on *Reading Assoc., Ltd. v. Reading Assoc. of Ga.*, 236
Ga. 906 (225 SE2d 899) (1976), because in that action on a contract
the partnership itself had an office in Fulton County and venue was
established for a *resident* partnership under the general venue provi-
sions of Ga. Const. 1983, Art. VI, Sec. II, Par. IV. As to nonresidents,
in contrast, venue must be established under the specific venue pro-
visions of the Long Arm Statute, and the Supreme Court applied
OCGA § 9-10-93 to establish venue as to a *nonresident* partner in the
county where the business was transacted. Id. at 907.

### UGTC Corporation

The UGTC Corporation, on the other hand, is a Georgia resident.
Accordingly, venue is determined pursuant to OCGA § 14-2-510 (b).
That Code section provides that a domestic corporation may be sued
"[f]or purposes of proceedings generally, in the county where its reg-
istered office is maintained," and "[f]or purposes of proceedings for
damages because of torts, wrong, or injury done, in the county where
the cause of action originated, if the corporation has an office and
transacts business in that county." OCGA § 14-2-510 (b) (1) and (3).
The UGTC Corporation's registered office is located in Clayton
County. The UGTC Corporation does not have an office in Fulton
County or in DeKalb County. Accordingly, venue as to the UGTC
Corporation is in Clayton County. Because the UGTC Partnership
had consented to venue in Clayton County, the trial court offered the
Fords the choice of transfer to DeKalb County or Clayton County,
and they chose DeKalb County. The trial court's decision was correct.
See *Collipp v. Newman*, 217 Ga. App. 674, 675 (458 SE2d 701) (1995).

On appeal, the Fords raise the additional contention that the
UGTC Partnership waived the issue of venue. The dissents suggest
that the UGTC Partnership made an admission in judicio. But no
such waiver or admission was ever made. It is well established that a
party may make admissions in judicio in its pleadings, motions, or
briefs. But it is equally well established that " 'admissions in judicio
apply only to facts in litigation.' [Cit.] They do not apply when the
admission is merely in the nature of the pleader's opinion as to fact
or law. [Cit.]" *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga.
App. 379, 381 (2) (461 SE2d 311) (1995). "The rule as to admissions
in judicio applies only to admissions of fact and does not apply to
opinions or conclusions. [Cits.]" *Aycock v. Calk*, 228 Ga. App. 172, 174
(491 SE2d 383) (1997). Accord *Ellerbee v. Interstate Contract Carrier
Corp.*, 183 Ga. App. 828, 829 (2) (360 SE2d 280) (1987) (statement in
pleading that service was perfected held statement of opinion not

fact). Compare *Nadew v. Alemu*, 217 Ga. App. 438, 440 (457 SE2d 709) (1995), where this Court relied upon defendant's admission as to his *residence*, a fact, rather than venue, a legal conclusion. A response to a brief and conclusory allegation regarding venue in the pleadings of the opposing party is simply a legal conclusion or opinion of the pleader and cannot constitute an admission in judicio.

More importantly, the consolidated pretrial order entered in this case expressly superseded the pleadings as provided by Uniform Superior Court Rule 7.2. See generally *Benschoter v. Shapiro*, 204 Ga. App. 56, 58 (3) (418 SE2d 381) (1992). In the pretrial order, the Fords did not contend that the venue issue was waived by an admission in judicio; instead, they asserted venue over the UGTC Partnership based upon the Fulton County defendant. Moreover, the UGTC Partnership explicitly preserved its venue defense in the pretrial order. The pretrial order established the issues in litigation, and the Fords cannot rely on an assertion that they did not preserve in the pretrial order and that, in fact, appears inconsistent with their contentions in the pretrial order. "Here no reason was advanced nor given for exceeding these boundaries and contravening the purpose of the Rules, which is to provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." (Citations and punctuation omitted.) Id.

The UGTC Partnership did not waive the issue of venue, and the trial court correctly granted the motions to transfer.

*Judgments affirmed. Andrews, C. J., Birdsong, P. J., Beasley and Ruffin, JJ., concur. McMurray, P. J., and Eldridge, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the judgments of affirmance because, in my view of the cases sub judice, defendants are estopped to deny that venue is proper in Fulton County. Based on the recent authority of *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (1) (486 SE2d 810), I submit the majority errs in ruling that the subject of the admissions in these cases sub judice, namely proper venue, are strictly impermissible legal conclusions. Rather, it is my opinion that the pleadings admitting proper venue in Fulton County constitute permissible admissions of correct legal opinions or conclusions as applied to facts relevant to these cases. Id. at 329. Since these *evidentiary* admissions have not been withdrawn, the pretrial order formulating the *issues* does not control. Consequently, I would reverse the transfer of the cases to DeKalb County.

Plaintiff Franklin E. Ford III ("Franklin Ford"), an incapacitated adult, and his mother, plaintiff Claudia Ford, brought these multi-party tort actions seeking to recover for personal injuries sustained on August 26, 1989, allegedly as a result of the failure of a defectively

manufactured automobile tire, contributing to a highway collision in DeKalb County, Georgia. Appellee-defendants are Uniroyal Goodrich Tire Company, a New York partnership ("the New York partnership"), and Uniroyal Goodrich Tire Company, a Delaware corporation ("the Delaware corporation"). Prior judgments for plaintiffs were set aside due to improper joinder of the cases without the consent of all parties, due to evidentiary errors, and also due to error in the charge on punitive damages. *Uniroyal Goodrich Tire Co. v. Ford,* 218 Ga. App. 248 (461 SE2d 877), aff'd in part and rev'd in part, *Ford v. Uniroyal Goodrich Tire Co.,* 267 Ga. 226 (476 SE2d 565).

On remand, defendants objected to venue in Fulton County and moved to transfer both cases to Clayton County. The following procedural history is relevant to the disposition of these motions: When the Franklin Ford case was initiated in the State Court of Fulton County, Georgia in 1990, B. F. Goodrich Tire Company and International Automotive Corporation d/b/a NTW were named as the original defendants. Paragraph 5 of the complaint alleged: "Defendant B. F. Goodrich is subject to both the jurisdiction and venue of this Court[, i.e., the State Court of Fulton County, Georgia]." In its answer, B. F. Goodrich "admit[ted] the allegations of Paragraphs 3, 4 and 5 of the Complaint." But defense counsel stipulated to the trial court that the New York "partnership is the proper party because . . . it was the entity that actually manufactured it [the tire]. The manufacturing responsibilities were [subsequently] transferred to a corporation, [the] Delaware corporation, which is why the Delaware corporation is also a proper party." By consent, the New York partnership voluntarily appeared in the Franklin Ford case and substituted itself as the correct party defendant "in all pleadings filed to date, including the Complaint, Answer, etc., and all future pleadings. The B. F. Goodrich Company [was] dropped as a party without prejudice and . . . [n]o further service of the Complaint or Answer is required."

When Claudia Ford initiated her case in the State Court of Fulton County, the named defendants were International Automotive Corporation d/b/a NTW and simply Uniroyal Goodrich Tire Company, without any distinction between the New York partnership and the Delaware corporation. Service of process was effectuated on the Delaware corporation by serving its registered agent in Clayton County. In its answer, the Delaware corporation "admitted the allegations of Paragraphs 2, 3, 4, and 5 of the Complaint." The effect of this was to admit that this defendant "is a Delaware corporation engaged in the business of manufacturing tire products for motor vehicles[; that defendant] transacted business in the State of Georgia[; that the Delaware corporation] may be served through its registered agent . . . [in] Forest Park, Georgia[; and that the Delaware

corporation] is subject to both the jurisdiction and venue of this Court[, i.e., the State Court of Fulton County]."

According to the affidavit of Frank Skorzewski, the Assistant Secretary of the New York partnership, that partnership "was not formed or organized under Georgia law, was not registered to do business in Georgia, had no office in Georgia, and had no registered agent in Georgia. The principal activities of the . . . New York partnership were not in Georgia. As of August 26, 1989, the two partners in the . . . New York partnership were Uniroyal Goodrich Tire Company, Inc., a Delaware corporation, and Uniroyal Tire Company, Inc., a New Jersey corporation. [The New Jersey corporation,] Uniroyal Tire Company, Inc. had a registered agent in Georgia on August 26, 1989."

The trial court granted the motions by transferring both cases to DeKalb County, where the injuries occurred, but certified its orders for immediate review. Permission to pursue interlocutory appeals were granted by this Court, and timely notices of appeal were filed. In Case No. A97A2505, Franklin Ford appeals, and in Case No. A97A2506, Claudia Ford appeals.

### Case No. A97A2505

1. Plaintiff Franklin Ford enumerates the transfer of his case to DeKalb County, arguing the New York partnership admitted venue is proper in Fulton County in its answer. The New York partnership contends that, because it is a nonresident of Georgia, venue is controlled by OCGA § 9-10-93, the venue provisions under Georgia's Long Arm Statute. I do not reach the merits of defendant's position. Rather, I conclude the New York partnership's answer constitutes a solemn admission in judicio on this point, which estops the partnership to deny venue is proper in Fulton County. Consequently, I would reverse the transfer of Franklin Ford's case. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." OCGA § 24-3-30. "Conclusive presumptions of law are termed estoppels; averments to the contrary of such presumptions shall not be allowed." OCGA § 24-4-24 (a). "Estoppels include presumptions in favor of: [s]olemn admissions in judicio." OCGA § 24-4-24 (b) (7). " 'A party to a suit (or proceeding) will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record.' *Florida Yellow Pine Co. v. Flint River Naval Stores Co.*, 140 Ga. 321 (2) (78 SE 900). . . ." *Anderson v. Oakley*, 133 Ga. App. 758, 759 (1) (212 SE2d 875).

In the case sub judice, we are not shown where, in a voluminous record of over 6,000 pages spread over three separate appeals, the

New York partnership amended its answer to withdraw the matters admitted by B. F. Goodrich. Consequently, the New York partnership must be deemed to have made a solemn admission in judicio when it substituted itself for B. F. Goodrich in all the pleadings. Specifically, the partnership's answer admitted paragraph 5 of the complaint, namely that jurisdiction and venue were proper in the State Court of Fulton County, Georgia. "By such admission, made in judicio, the [partnership] is estopped from asserting [that venue is improper in Fulton County]." *Duke v. Ayers*, 163 Ga. 444, 453 (2) (136 SE 410). Under this evidentiary posture, the trial court erred in concluding that venue in Fulton County was improper as to the partnership, regardless of the result under OCGA § 9-10-93 or any other venue provision.

*Case No. A97A2506*

2. Plaintiff Claudia Ford enumerates the transfer of her case to DeKalb County, where her injuries were sustained.

(a) The record is not clear whether the defendant Delaware corporation is also that entity identified as Uniroyal Goodrich Tire Company, Inc., one of the two partners in the defendant New York partnership. I assume, then, that the uncontradicted affidavit evidence of Frank Skorzewski establishes that the New York partnership is a nonresident of Georgia as defined in OCGA § 9-10-90. Consequently, I agree with defendants that venue is determined under the Long Arm Statute and hold that venue over the nonresident New York partnership is governed by OCGA § 9-10-93 as amended by Ga. L. 1997, p. 480, § 1. "[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that [may have been] correct at the time it was rendered, . . . where the law has been changed in the meantime and where such application of the new law will impair no vested right. . . ." (Emphasis in original.) *City of Valdosta v. Singleton*, 197 Ga. 194, 206 (3), 208 (28 SE2d 759).

(b) "Venue in cases under this article [OCGA § 9-10-90 et seq.] shall lie in any county wherein a substantial part of the business was transacted, the tortious act, omission, or injury occurred, or the real property is located. Where an action is brought against a resident of this state, *any nonresident* of this state who is involved in the same transaction or occurrence and who is suable under the provisions of this article *may be joined as a defendant in the county where a resident defendant is suable*. Under such circumstances, jurisdiction and venue of the court of and over such nonresident defendant shall not be affected or lost if at trial a verdict or judgment is returned in favor

of such resident defendant." (Emphasis supplied.) OCGA § 9-10-93, as amended.

Here, the defendant Delaware corporation is a Georgia resident, registered to do business in this State. In my view, the Delaware corporation is also estopped to deny that venue is proper in Fulton County, because it also admitted the allegations as to venue in its answer. Since the resident defendant is suable in Fulton County, Georgia, the nonresident New York partnership may be joined in an action against the resident defendant in Fulton County under the unambiguous terms of OCGA § 9-10-93 as amended. The transfer of Claudia Ford's case from Fulton County to DeKalb County is erroneous under the facts of this particular case and should be reversed.

I am authorized to state that Judge Eldridge joins in this dissent.

ELDRIDGE, Judge, dissenting.

I concur in the dissent of Presiding Judge McMurray; however, I wish to point out a case regarding admissions in judicio as to venue that controls this issue.

Uniroyal Goodrich Tire Company ("UGTC") came into the suit by a consent order for substitution. UGTC in both suits admitted venue in Fulton County.

In *Nadew v. Alemu*, 217 Ga. App. 438, 440 (457 SE2d 709) (1995), this Court held that residence and venue were facts that could bind as an admission in judicio when admitted in the answer by a nonresident joint tortfeasor. "[UGTC] was in the best possible position to know both [its] county of residence and what strategies might be involved in a decision to waive venue or other available affirmative defenses. When [it] made an admission in [its] pleadings, [Ford] was not required to look behind that admission even if there was information to suggest that it should not have been made. The policy reflected in the law is so strongly in favor of allowing other parties to rely upon the admissions that the party making the admission is not even allowed to introduce evidence at trial to prove the admission is erroneous until the admission has been withdrawn. [Cits.]" Since UGTC admitted that it was subject to venue without qualification, then this admission constituted more than an admission in judicio that could be withdrawn by amendment to the pleadings. This Court found that the admission that the defendant " 'is subject to the jurisdiction of this court. . . . (D)efendants are subject to the jurisdiction of this court.' . . . Such an admission would appear to preclude the subsequent contention that jurisdiction over [defendant's] person existed solely by virtue of his being a co-defendant of a resident defendant. Moreover, even assuming that [defendant's] answer did not invalidate his defenses based upon venue and juris-

diction over the person," this Court went on to find additional grounds for waiver. (Emphasis omitted.) *Harrell v. Gomez*, 174 Ga. App. 8, 10 (3) (329 SE2d 302) (1985). This was a waiver under OCGA § 9-11-12 (h) (1), because the answer made an unqualified admission of venue. The wording of the answer did not deny venue or raise the potential defense of loss of venue, which could ripen in the future or assert the defense in abatement of venue; if the answer had stated that venue was proper pursuant to suits against joint tortfeasors only, then the venue defense would not be waived in the future when the joint tortfeasor is dismissed. See generally Ga. Const. 1983, Art. VI, Sec. II, Par. IV; *Watkins v. M & M Clays, Inc.*, 199 Ga. App. 54, 56 (1) (404 SE2d 141) (1991); *Crawford v. Randle*, 191 Ga. App. 112, 114-115 (381 SE2d 77) (1989).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED FEBRUARY 18, 1998 —
RECONSIDERATION DENIED MARCH 9, 1998

*Smolar, Roseman, Brantley & Seifter, Yehuda Smolar, G. Grant Brantley, James I. Seifter, Antoinette D. Johnson, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr.*, for appellants.

*Love & Willingham, Daryll Love, Allen S. Willingham, Robert P. Monyak*, for appellees.