62330. BENSON v. TUCKER et al.

SHULMAN, Presiding Judge.
Harold Benson and his son Joel, by next friend Sue Benson (his mother), brought suit for damages resulting from injuries inflicted to 8-year-old Joel's face by a dog owned by appellee Veal and being kept on the premises of appellee Tucker. The jury awarded Harold Benson $4,902 and awarded Joel Benson $5,098. Contending that the verdict was inadequate, Joel Benson brings this appeal.

1. The first enumeration concerns the trial court's charge on

comparative negligence. Appellant offers three different reasons why the charge was incorrect. However, only one of those reasons was asserted at trial as a ground for objecting to the charge. Review of a charge enumerated as error is limited to the ground of objection stated at trial. *Palmer v. Stevens,* 115 Ga. App. 398 (14) (154 SE2d 803).

The ground asserted at trial in appellant's objection was that the instruction was not authorized by the evidence. The record does not support that contention. There was evidence that appellant was aware that the dog had bitten others, including appellant's mother, and that appellant had specifically been warned to stay away from the dog. That knowledge, coupled with evidence that appellant attempted to pet the dog, was sufficient to authorize the charge.

2. A physician was qualified as an expert witness to testify concerning the medical care necessitated by appellant's injury. After securing testimony on that subject, appellant's counsel asked the witness a question concerning the effect a facial scar might have on appellant's employment opportunities as an adult. The trial court's refusal to permit the witness to answer has been enumerated as error. We see no error in that regard.

"The question of whether a witness is qualified to give his opinion as an expert is one for the court. [Cit.] His determination will not be disturbed except that it be manifestly abused." *D. O. T. v. Great Sou. Enterprises, Inc.,* 137 Ga. App. 710, 712 (225 SE2d 80). Although the witness here had been qualified as an expert medical witness, he had not been qualified as an expert in the field of personnel management or any other field involving the sort of expertise demanded by the question posed to him. Under those circumstances, and especially in light of the witness' previous disclaimer of expertise on that issue, we find no abuse of discretion in the trial court's exclusion of the answer.

3. In three enumerations of error, appellant complains of a charge on accident, of a charge on avoidance, and of the trial court's exclusion of a county dog control ordinance. Since all those matters concern liability and not damages, and since the jury found for appellant on the issue of liability, any error was rendered harmless by the jury verdict. *Jernigan v. Carmichael,* 145 Ga. App. 560 (1, 2) (244 SE2d 92).

4. Appellant's final enumeration concerns the amount of the verdict. The award was within the range of the evidence and does not demonstrate any prejudice or bias. The trial court did not err in making the verdict the judgment of the court. *Jordan v. Ellis,* 148 Ga. App. 286 (250 SE2d 859).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 14, 1981 —
REHEARING DENIED OCTOBER 29, 1981 — 

*Glenn Whitley,* for appellant.
*Ralph F. Simpson, John S. Sims, Jr., Hugh Gordon,* for appellees.