A90A2278. PALO et al. v. MEISENHEIMER et al.
(403 SE2d 881)

POPE, Judge.

Plaintiff/appellant Deborah Palo, individually and in her capacity as parent and next friend of Lisa Marie Palo, brought suit against defendants Dennis and Sue Meisenheimer to recover damages for injuries sustained by plaintiff's daughter when she was bitten by defendants' Rottweiler dog. The jury awarded plaintiff $4,804.96 for medical expenses in her individual capacity. The jury also found in favor of plaintiff as parent of Lisa Palo but awarded no damages for her daughter's pain and suffering. Plaintiff appeals the denial of her motion for new trial. We affirm.

1. Plaintiff contends the trial court erred in charging the jury on legal accident. Pretermitting whether the complained of charge was authorized under the facts of this case, we find no merit to this enumeration. "Since the jury returned a verdict for the [plaintiff, both individually and as next friend of her minor daughter], it is apparent that this charge was not applied. Therefore, any error that may have been committed was harmless. *Stroud v. Woodruff*, 183 Ga. App. 628 (3) (359 SE2d 680) (1987)." *Gurly v. Hinson*, 194 Ga. App. 673, 674 (5) (391 SE2d 483) (1990). See also *Benson v. Tucker*, 160 Ga. App. 217 (3) (286 SE2d 485) (1981).

2. Plaintiff next contends the trial court erred in charging on contributory and comparative negligence because no evidence was presented from which the jury could reasonably infer that Lisa Palo had been negligent. We disagree. As the trial court aptly noted "the two questions of fact which [authorize] a charge on that point of law [are] whether or not the child was negligent in failing to heed the instructions of the defendants with regard to not going outside where the dog was; and, secondly, the failure of the child to withdraw after the dog showed some consternation . . . by growling. Those are questions for the jury to decide, not for the Court to decide as a matter of law. Whether or not that amounted to either contributory or compar-

ative negligence is a question for the jury to decide." We agree this evidence was sufficient to authorize the charge given in this case. See *Benson v. Tucker*, supra at (1); see also *Jackson v. Young*, 125 Ga. App. 342 (2) (187 SE2d 564) (1972).

3. Lastly, plaintiff contends that the damages awarded her daughter were so inadequate as to justify the inference of gross mistake, undue bias and prejudice on the part of the jury. See OCGA § 51-12-12. "This enumeration of error is also without merit. Generally speaking, where 'comparative negligence (is) involved under the pleadings and the evidence . . ., a verdict for damages for personal injuries cannot properly be set aside on the ground that the verdict is inadequate.' *Cox v. Nix*, 87 Ga. App. 837, 839-840 (75 SE2d 331) (1953)." *Stroud*, supra at 630 (5). See also *Benson v. Tucker*, supra at (4); *Murray v. Woods*, 106 Ga. App. 267 (2) (126 SE2d 828) (1962).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 11, 1991.

*Charles A. Mullinax*, for appellants.
*Stephen L. Cotter, Swift, Currie, McGhee & Hiers, Julie L. Ginden*, for appellees.