A95A0329. NADEW v. ALEMU.
(457 SE2d 709)

JOHNSON, Judge.
Can a co-defendant in a civil case admit in his answer that he resides in the county where the trial court is located and that the trial

court is the proper venue, fail to make a timely motion to withdraw those admissions, yet be entitled as a matter of law to have the case transferred to another county following the grant of a directed verdict in favor of his co-defendant on the ground that venue is no longer proper because, in spite of his admission to the contrary, he was actually a resident of that other county at the time he was served? We hold that he is not entitled to the transfer because he is bound by his admission regarding residence.

Alemu, while riding in a car driven by Nadew, was injured when the car collided with Walker's car. Alemu sued Nadew and Walker in Fulton County Superior Court. It is undisputed that, as alleged in Alemu's complaint, Walker was a resident of Fulton County. Paragraph 2 of Alemu's complaint also alleged that Nadew "is a resident of Fulton County, Georgia and subject to the jurisdiction and venue of this Honorable Court. . . ." In his answer to the complaint, Nadew said: "Responding to Paragraph 2, Defendant admits the allegations contained therein." The case proceeded to trial. At the close of Alemu's case, Walker was granted a directed verdict. Nadew's counsel immediately moved that the case be transferred to DeKalb County. He asserted for the first time that he had discovered during trial that Nadew's residence at the time the lawsuit was served was actually in DeKalb County, and that Nadew had been in error when he admitted he was a resident of Fulton County. The trial court denied the motion to transfer. The trial went forward to completion and resulted in a verdict in favor of Alemu and against Nadew in the amount of $120,000. This verdict was made the judgment of the court below.

Nadew appeals, claiming the court erred in denying his motion to transfer. This claim is without merit. In analyzing Nadew's claim, we emphasize that Nadew admitted three distinct facts in the portion of his answer responding to paragraph 2 of Alemu's complaint. First, and critical to this appeal, he admitted that he was a resident of Fulton County. Second, he admitted that the trial court could properly exercise personal jurisdiction over him, i.e., that he had been properly served and was subject to the court's jurisdiction. Third, he admitted that venue for this action was proper in Fulton County. There being no issue in the case concerning jurisdiction, we will address only the legal significance of the other two admissions.

In a case with multiple defendants, venue is proper in any county where any one of the defendants resides. Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. In such a case, a non-resident co-defendant who asserts his county of residence in his answer may admit that the trial court is the proper venue without waiving the right to challenge venue later if the resident co-defendant is dismissed from the case. There is no waiver in that instance because the earliest a defense of improper venue can be properly raised by the non-resident defendant is when

the resident defendant has been adjudged not liable to the plaintiff and is dismissed from the case. See *Evans v. Garrett*, 72 Ga. App. 846 (35 SE2d 387) (1945); see also *Taylor v. Career Concepts*, 184 Ga. App. 551, 552 (362 SE2d 128) (1987).

Contrary to Nadew's argument this is not such a case in which there was no waiver of the right to challenge venue by the non-resident co-defendant. It would be such a case if Nadew had asserted in his answer that he was a resident of DeKalb County. He then could have admitted venue, based on Walker's residence in Fulton County, without being barred from raising his improper venue defense when Walker's directed verdict motion was granted. Under those circumstances, Nadew would have been entitled as a matter of law to have the case transferred. See *Long v. Bruner*, 171 Ga. App. 124, 125 (318 SE2d 818) (1984). Nadew, however, never properly stated in his pleadings that he is a DeKalb County resident. Rather, he admitted in judicio that he resides in Fulton County. Thus, for purposes of this case, Nadew was a resident of Fulton County. In fact, because of this admission, venue would have been proper in Fulton County even if Nadew was the sole defendant from the outset of the case.

Even though Nadew's admission as to his county of residence was erroneous, Alemu was entitled to rely upon the admission until it was properly withdrawn. But Nadew never made a timely request to withdraw the admission. He did not raise the venue issue in any pre-trial pleading or discussion. Even when Nadew finally raised the issue, he did not expressly move to be allowed to withdraw the admission, though such a request can be inferred from the colloquy between his counsel and the court during his motion to transfer the case to DeKalb County.

Nadew argues that well before trial Alemu's counsel was aware of facts which cast doubt on the accuracy of Nadew's admission that he resides in Fulton County. This may be true and yet remain a matter of no legal consequence. Nadew was in the best possible position to know both his county of residence and what strategies might be involved in a decision to waive venue or other available affirmative defenses. When he made an admission in his pleadings, Alemu was not required to look behind that admission even if there was information to suggest that it should not have been made. The policy reflected in the law is so strongly in favor of allowing other parties to rely upon the admissions that the party making the admission is not even allowed to introduce evidence at trial to prove the admission is erroneous until the admission has been properly withdrawn. See *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519 (1) (434 SE2d 63) (1993); see also *Harrell v. Louis Smith Mem. Hosp.*, 197 Ga. App. 189, 191 (2) (c) (397 SE2d 746) (1990). Further, whether to allow a party to withdraw an admission in his pleadings is a matter which rests within

the sound discretion of the trial judge. See *Walker*, supra at 520 (1).

The soundness of the trial judge's decision to deny Nadew's motion to transfer, which, in effect, was also a ruling that the admission could not be withdrawn, is readily apparent in this case. The record shows that it became apparent during discovery that Nadew was more at fault than Walker in the accident from which the lawsuit arose. The possibility that Walker might be granted a directed verdict was far from remote. Had Nadew not admitted that he was a resident of Fulton County, Alemu would have been required to confront the likely possibility that he would lose venue in Fulton County if Walker prevailed. See *Long*, supra. Under that circumstance, Alemu could have protected the investment of time and money which went into the preparation of the case by requesting that the case be transferred to DeKalb County before trial. Because Nadew admitted he was a resident of Fulton County, thus providing an independent basis upon which venue was appropriate, Alemu could proceed to trial without concern that the case would have to be tried a second time in a different county should Walker receive a directed verdict. Because Nadew did not even suggest that his admission was erroneous until after the trial had been commenced and had progressed far enough for Alemu to present his entire case, it would have been an abuse of discretion for the trial court to allow Nadew to withdraw the admission. On the contrary, because Nadew did not timely move to withdraw his admission in the pleadings that he was a resident of Fulton County, the trial court correctly denied Nadew's motion to transfer the case based upon the suggestion of improper venue.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 16, 1995.

*Crim & Bassler, Joseph M. Murphey, Kimberly L. Schwartz*, for appellant.

*Joe A. Weeks, Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellee.