A96A2023 A96A2024. STAR GAS OF HAWKINSVILLE, INC.
v. ROBINSON et al.; and vice versa.
(501 SE2d 598)

ANDREWS, Chief Judge.

This Court affirmed the trial court's denial of Eddie Lee Robinson's motion for new trial in which he argued the jury's award of damages on his claim for the wrongful death of his wife was inadequate. See *Star Gas of Hawkinsville v. Robinson*, 225 Ga. App. 594 (484 SE2d 266) (1997). The jury found the Robinsons were 49 percent negligent and Star Gas was 51 percent negligent and awarded Robinson $4,157.25 as surviving spouse on his wrongful death claim. Robinson appealed, claiming the wrongful death award was so inadequate as to be inconsistent with the preponderance of the evidence introduced at trial on the value of his wife's life. This Court affirmed based upon our holdings in prior cases which stated that, where comparative negligence is involved, we cannot set aside a verdict on the grounds that it is inadequate, citing *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470 (433 SE2d 398) (1993) and *Palo v. Meisenheimer*, 199 Ga. App. 24 (403 SE2d 881) (1991).

On certiorari, the Supreme Court of Georgia reversed, disapproving *Beringause* and *Palo* and citing *McKinney & Co. v. Lawson*, 257 Ga. 222, 224 (4) (357 SE2d 786) (1987) as having changed the long-standing rule that comparative negligence awards are shielded from judicial review. *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102 (498 SE2d 524) (1998). The Supreme Court remanded the case for application of the standard set forth in OCGA § 51-12-12 to the verdict. Accordingly, our original judgment in this case is vacated, and the opinion of the Supreme Court is adopted in its place.

The trial court's order on Robinson's motion for new trial does not give any authority relied on, merely stating that plaintiffs' motion for new trial was denied; however, a review of the transcript from the hearing on the motion and the briefs submitted to the court shows that Star Gas put forward the reasoning of *Beringause* and *Palo* as authority for its argument that the award should not be set aside. Therefore, as the trial court almost certainly relied on authority that has now been disapproved, we vacate the judgment of the trial court and remand the case for consideration in light of the Supreme Court's holding.

*Judgment vacated and remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 14, 1998 —
RECONSIDERATION DENIED MAY 4, 1998 — 

*Carr, Tabb & Pope, W. Pitts Carr, Render C. Freeman*, for appellant.

*W. McMillan Walker*, for appellees.