## A99A2462. ROBINSON v. STAR GAS OF HAWKINSVILLE, INC.
(533 SE2d 97)

SMITH, Judge.

We granted interlocutory appeal in this case to consider an unusual application of the principle of "vanishing venue."[1] This long-

---

[1] We note that the principle of "vanishing venue" has lost much of its force in future

standing rule arose from the construction of two provisions of the Georgia Constitution: first, that a defendant is entitled to be sued in the county of his residence, Ga. Const. 1983, Art. VI, Sec. II, Par. VI, and second, that joint tortfeasor residents of different Georgia counties may be sued in either county. Ga. Const. 1983, Art. VI, Sec. II, Par. IV. Two basic principles have been established by the case law. "Where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident codefendant is liable in the action." (Citation, punctuation and emphasis omitted.) *Collipp v. Newman*, 217 Ga. App. 674, 675 (458 SE2d 701) (1995). In addition, the trial court loses venue as to the nonresident defendant if no judgment is taken against the resident defendant, whether the resident is found not liable or dismissed with prejudice. And where the resident is found not liable, the trial court has no jurisdiction to enter a judgment against nonresident defendants even if they are found liable. Id. at 675-676.

But the defense of improper venue may be waived by a nonresident defendant, and such a waiver may be express or implied. *Empire Forest Products v. Gillis*, 184 Ga. App. 542, 543 (1) (362 SE2d 77) (1987). In this case, we are called upon to determine the scope and extent of an express waiver made by Star Gas of Hawkinsville, the nonresident defendant. After considering the terms of the originally proposed waiver and the amended waiver ultimately accepted by the trial court, as well as the conduct of the parties, we conclude that Star Gas expressly waived its venue defense and could not limit the effect of that waiver to an earlier appeal in this case. Accordingly, we find that the trial court abused its discretion in ordering a transfer due to "vanishing venue," and we reverse.

This litigation arose from a 1989 incident in which the wife of Eddie Lee Robinson died and Robinson and his children were injured by carbon monoxide gas from a propane heater. Robinson brought this action against Star Gas, the supplier of the propane, and against a hospital and physicians for failing to diagnose the poisoning. *Star Gas &c. v. Robinson*, 225 Ga. App. 594 (484 SE2d 266) (1997) (*Star Gas I*). The action was brought in DeKalb County, the residence of one defendant physician. Star Gas answered and asserted a venue defense.

The first trial, in 1994, ended in a mistrial when the jury found no liability as to one physician but was unable to reach a verdict as to

---

cases as a result of the amendment of OCGA § 9-10-31, effective July 1, 1999. See Ga. L. 1999, p. 734, § 2, stating the intent of the General Assembly "to provide for a fairer and more predictable rule of venue . . . [and] to eliminate the waste of time and resources to courts and parties under the vanishing venue doctrine."

the remaining defendants. *Star Gas I*, supra. At the second trial, in 1995, the jury was again unable to reach a verdict as to the remaining physician and the hospital but did reach a verdict in favor of Robinson and against Star Gas. The jury determined, however, that the Robinsons were 49 percent negligent and awarded a relatively small amount of damages. Id.

Star Gas acknowledges in its brief that it was aware of the venue problems caused by the jury's failure to reach a verdict as to the resident defendant but "was pleased with the verdict as a whole." Accordingly, on June 7, 1995, Star Gas filed a pleading styled "Conditional Withdrawal of Certain Defenses," stating:

> Comes now, Star Gas of Hawkinsville, Inc., and withdraws jurisdictional and venue defenses previously raised for the limited purpose of allowing the court to enter judgment on the jury verdict dated May 23, 1995 within thirty (30) [days] of the date hereof. Defendant Star Gas of Hawkinsville, Inc., however, fully reserves all venue and jurisdictional defenses for all other purposes, specifically including any circumstance whereby the court determines not to enter judgment on the jury verdict dated May 23, 1995 within thirty (30) days of the date hereof. In other words, if the court does not enter judgment on such jury verdict within 30 days of the date hereof, all jurisdictional and venue defenses are fully preserved.

The trial court, however, apparently refused to accept this pleading as worded, and on the following day Star Gas offered an "Amended Conditional Withdrawal of Certain Defenses," as follows:

> Comes now, Star Gas of Hawkinsville, Inc., and withdraws the jurisdictional and venue defenses previously raised for the limited purpose of allowing the court to enter judgment on the jury verdict dated May 23, 1995 within thirty (30) [days] of the date hereof. Defendant Star Gas of Hawkinsville, Inc., however, conditions this withdrawal of all venue and jurisdictional defenses on the entry of this judgment on such verdict within thirty (30) days of the date hereof. In other words, if the court does not enter judgment on such jury verdict within 30 days of the date hereof, all jurisdictional and venue defenses are fully preserved.

The judgment entered on the jury verdict contained the following language: "Star Gas of Hawkinsville, Inc. has waived its jurisdictional and/or venue defenses, but fully reserved all other defenses including the right of appeal." After this judgment was entered,

Robinson settled with the medical defendants, including the resident defendant, and dismissed them with prejudice on March 21, 1996. On April 5, 1996, Robinson's motion for new trial was denied. Notice of appeal from the denial was filed on April 25, 1996.

In *Star Gas I*, supra, this court affirmed both the judgment against Star Gas and the trial court's denial of Robinson's motion for new trial. On certiorari, the Supreme Court of Georgia reversed and remanded, holding that the issue of inadequacy of comparative negligence awards is no longer shielded from judicial review. *Robinson v. Star Gas &c.*, 269 Ga. 102 (498 SE2d 524) (1998). This court in its turn remanded the case to the trial court for reconsideration of Robinson's motion for new trial in light of the Supreme Court's decision. *Star Gas &c. v. Robinson*, 232 Ga. App. 407 (501 SE2d 598) (1998).

On remand, the trial court granted Robinson's motion for new trial, expressly reserving the issue of venue for a later ruling. After the parties briefed the issue, the trial court granted Star Gas's motion to transfer the case to Sumter County. The trial court rejected Star Gas's argument that its amended withdrawal of defenses amounted to a limited waiver for purposes of that appeal only and no longer applied, because the jury's verdict was altered when Robinson's motion for new trial was granted. The trial court found that Star Gas's waiver was unconditional, but it also found the waiver void and of no effect because it was premature, since the resident defendant had not yet been dismissed when the waiver was made. We agree with the trial court that Star Gas expressly and unconditionally waived its venue defense, but we do not agree that the waiver was premature.

> Pleadings are to be construed to do substantial justice. OCGA § 9-11-8 (f). However, justice is not obtained when a pleading is so liberally construed as to circumvent its true intent, especially when the opposing party is thereby deprived of a significant statutory right. . . . Averments in a pleading are required to be "simple, concise, and direct." OCGA § 9-11-8 (e) (1). A principal purpose of this requirement is to minimize the risk that an opposing party will be misled either as to the nature or scope of the pleading.

(Citation omitted.) *McCombs v. Southern Regional Med. Center,* 233 Ga. App. 676, 678 (504 SE2d 747) (1998). Robinson's counsel testified by affidavit that he relied upon the terms of Star Gas's withdrawal of its venue defense in settling with the resident defendants. We will therefore construe the language of the pleading according to its literal meaning and giving its words their usual and ordinary signifi-

cance, as though construing an agreement between parties. See generally *Puccini v. Thomas & Howard Co.*, 228 Ga. App. 537 (492 SE2d 297) (1997).

It is particularly significant that Star Gas deleted from this pleading language expressly providing that it "fully reserves all venue and jurisdictional defenses for all other purposes, specifically including" failure to enter judgment on the verdict within 30 days. It cannot now complain that the language it deleted expressed its actual intent to limit the waiver. The only limitation remaining in the pleading after its modification was that judgment on the verdict be entered within 30 days, and that event took place. The waiver created by Star Gas's withdrawal was not otherwise limited by its terms.

This conclusion is further supported by the fact that the judgment itself contained the statement that Star Gas "has waived its jurisdictional and/or venue defenses, but fully reserved all other defenses including the right of appeal." Star Gas did not challenge this ruling below and did not enumerate it as error in its earlier appeal. It therefore became the law of the case. *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 634 (2) (466 SE2d 872) (1995). We agree with the trial court, therefore, that Star Gas's waiver of its venue defense was not limited to the appeal of the judgment in the 1995 trial.[2]

But we cannot agree with the trial court that Star Gas's waiver was premature. As noted above, a venue defense may be triggered by a number of events during the course of litigation. While in most cases the defense arises when the resident defendant is dismissed from the case or obtains a verdict in its favor, it may also arise when a jury verdict is returned against the nonresident defendant but not against the resident. In the latter case, the venue defense operates to deprive the trial court of jurisdiction to enter judgment against the nonresident defendant. *Collipp v. Newman*, supra at 675. As Star Gas acknowledges, the latter circumstance occurred here and created the necessity for a waiver in order to obtain an appealable judgment. Star Gas's venue defense therefore arose long before the dismissal was filed; it was operative as soon as Star Gas sought to have a judgment entered in the absence of a verdict against the resident defendant. And Star Gas acknowledged the existence of the defense by its waiver, giving the trial court jurisdiction it did not otherwise have: to

---

[2] We also note that the trial court was incorrect in its assertion that the dismissal occurred "during pendency of that appeal." Over one month passed between the filing of the dismissal and the filing of the notice of appeal. Star Gas therefore had ample opportunity to reassert its venue defense in the trial court, or enumerate it as error on appeal, had it intended to treat its waiver as anything other than unconditional.

enter judgment without a finding of liability against the resident defendant.

In contrast, *Nadew v. Alemu*, 217 Ga. App. 438 (457 SE2d 709) (1995), relied upon by the trial court, is an example of the more common trigger for a venue defense. In *Nadew*, the resident defendant obtained a directed verdict in his favor at trial. The nonresident defendant immediately moved for a transfer. Id. at 439. We observed that an answer by a nonresident defendant admitting an allegation that venue was proper would not operate as a waiver while the resident defendant remained a party to the case, since venue remained proper at that time. Id.[3] Here, in contrast, Star Gas expressly waived its venue defense in order to obtain a judgment that it could not otherwise have obtained due to lack of venue.

> Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived *or any claim based thereon.* And once a right is waived the waiver cannot be withdrawn without the consent of the other party, even if subsequent events prove the right waived to have been more valuable than was anticipated.

(Citation and punctuation omitted; emphasis in original.) *Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370) (1991). Star Gas, satisfied with the jury's verdict and calculating the chances of affirmance upon appeal, made an informed and deliberate decision to avoid a third jury trial and therefore waived its existing venue defense to facilitate entry of judgment. It could not withdraw that waiver because its expectations, although fleetingly fulfilled in this court, were disappointed on certiorari. The trial court therefore erred in granting Star Gas's motion to transfer.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2000.

*W. McMillan Walker*, for appellant.
*Carr, Tabb & Pope, Jan R. Kastanakis, Render C. Freeman, Eric N. Van De Water,* for appellee.

---

[3] This observation was not necessary to our decision, however, because in *Nadew* the defendant admitted in judicio that he resided in the county of the trial court, and we noted that this admission established venue regardless of the presence of any other resident defendant.