S06A0402, S06X0403. R. J. TAYLOR MEMORIAL HOSPITAL, INC. v. BECK; and vice versa.
(631 SE2d 684)

HINES, Justice.

This Court granted medical malpractice defendant R. J. Taylor Memorial Hospital, Inc. d/b/a Taylor Regional Hospital ("hospital") interlocutory appeal from an order of the State Court of Bibb County denying its motion to transfer venue (Case No. S06A0402). Subsequently, plaintiff Donald Ray Beck ("Beck") filed a cross-appeal (Case No. S06X0403). At issue were questions regarding the constitutionality of the venue provisions in OCGA §§ 9-10-31 (c)[1] and 9-10-31.1 (a),[2] enacted as part of the Tort Reform Act of 2005 and effective

---

[1] OCGA § 9-10-31 (c) provides:
In any action involving a medical malpractice claim as defined in Code Section 9-9-60, a nonresident defendant may require that the case be transferred to the county of that defendant's residence if the tortious act upon which the medical malpractice claim is based occurred in the county of that defendant's residence.

[2] OCGA § 9-10-31.1 (a) provides:
If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter

February 16, 2005. During the pendency of the appeal, the constitutional questions were addressed and decided by this Court. See *EHCA Cartersville v. Turner*, 280 Ga. 333 (626 SE2d 482) (2006). The remaining issue is whether the trial court erred in holding that OCGA § 9-10-31.1 (a) does not require transfer under the facts of this case. For the reasons which follow, we affirm the order denying the transfer of venue.

On December 6, 2002, Beck filed the present action in Bibb County against the hospital, and several physicians and physicians' groups, alleging joint and several acts of medical negligence resulting in paralysis from a spinal cord injury. Although some of the defendants resided in Bibb County, on March 17, 2005, the hospital moved to transfer the suit to Pulaski County pursuant to OCGA § 9-10-31 (c); it contended that it had the right to require that the case be transferred to Pulaski County because it was a resident of that county and because the alleged tortious acts occurred there. Beck, himself a Pulaski County resident, opposed the transfer, challenging, inter alia, the constitutionality of OCGA § 9-10-31 (c), and arguing that a transfer was not warranted under OCGA § 9-10-31.1 (a).

On June 20, 2005, the Bibb County trial court ruled that OCGA § 9-10-31 (c) was unconstitutional as violative of 1983 Ga. Const., Art. VI, Sec. II, Par. IV, and it declined to transfer the case under the criteria set forth in OCGA § 9-10-31.1 (a). The court also rejected the hospital's contention that Beck was required by OCGA § 9-4-7 (c)[3] to

---

under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to the following factors:

    (1) Relative ease of access to sources of proof;
    (2) Availability and cost of compulsory process for attendance of unwilling witnesses;
    (3) Possibility of viewing of the premises, if viewing would be appropriate to the action;
    (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;
    (5) Administrative difficulties for the forum courts;
    (6) Existence of local interests in deciding the case locally; and
    (7) The traditional deference given to a plaintiff's choice of forum.

[3] OCGA § 9-4-7 (c), which is in the Chapter regarding declaratory judgments, provides: If a statute of the state, any order or regulation of any administrative body of the state, or any franchise granted by the state is alleged to be unconstitutional, the Attorney General of the state shall be served with a copy of the proceeding and shall be entitled to be heard.

notify the Attorney General of the constitutional challenge; nevertheless, the court found that Beck did serve a "Notice of Constitutional Challenge" on the Attorney General.

1. The trial court properly ruled that OCGA § 9-10-31 (c) ran afoul of 1983 Ga. Const., Art. VI, Sec. II, Par. IV, and therefore, was unconstitutional. *EHCA Cartersville v. Turner*, supra at 333 (1). Also, any implicit determination by the trial court that OCGA § 9-10-31.1 (a) is constitutional was correct. *EHCA Cartersville v. Turner*, supra at 333 (2). Furthermore, OCGA § 9-10-31.1 (a) may be applied retroactively. *EHCA Cartersville v. Turner*, supra at 337 (3).

2. The hospital's contention that Beck was procedurally barred from making the constitutional challenge for an alleged failure to comply with OCGA § 9-4-7 (c) is moot. See Division 1, supra.

3. The hospital contends that the trial court erred in finding that OCGA § 9-10-31.1 (a) does not require transfer under the facts of this case. It argues that the factors of forum non conveniens, as codified in OCGA § 9-10-31.1 (a), support transferring this case to Pulaski County in that, inter alia, Beck is a resident of Pulaski County and given that his claim is predicated on his suffering paralysis, travel would be a hardship to him; the hospital is located in Pulaski County and provides service to its residents; Beck's medical records are located in Pulaski County; all interactions between Beck and the several defendants occurred in Pulaski County; and there is no unfair prejudice to Beck's case if it is transferred to Pulaski County. But the argument is unavailing.

As the hospital acknowledges in its brief, as movant to transfer venue of the case, it had the burden to show that the factors set forth in OCGA § 9-10-31.1 (a) support the transfer. See *Williams v. State*, 272 Ga. 335, 336 (3) (528 SE2d 518) (2000); *Williams v. State*, 253 Ga. App. 458, 461 (3) (559 SE2d 516) (2002) (addressing the movant's burden upon asking for a change of venue based upon allegations of prejudice in the context of a criminal trial); see also *Cooper v. Edwards*, 235 Ga. App. 48, 51 (508 SE2d 708) (1998) (affirming that in a civil context, one challenging venue has the burden of proof). Moreover, it is also conceded that the burden on appeal is to demonstrate an abuse of the trial court's discretion in refusing to transfer the case. See *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (2) (614 SE2d 875) (2005); *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 113 (533 SE2d 97) (2000). The hospital has simply failed to meet this burden of showing an abuse of the trial court's discretion.

The trial court's order specifies that it carefully reviewed the criteria set forth in OCGA § 9-10-31.1 (a), and following such review, found that the interest of justice and the convenience of the parties and witnesses would not be better served by transfer of the case to Pulaski County. And the hospital has not demonstrated otherwise.

For example, the hospital points to nothing in the record showing that moving the litigation from Bibb County to Pulaski County would alleviate problems addressed by the statutory factors, such as ease of access to witnesses and proof. There is no showing whatsoever that litigating the matter in Bibb County, where several of the defendants do reside, has posed difficulties with regard to interviewing or securing witnesses and evidence or that relocating the case to Pulaski County would allow easier access. Moreover, there is no demonstration by the record that resort to compulsory process was necessary because of the current venue, that there is a need to view the premises at issue, or that the hospital is unnecessarily inconvenienced by litigating the matter in Bibb County.

The hospital urges that public policy considerations warrant a judicial preference for venue in medical malpractice actions to be in the county where the subject medical care took place. But OCGA § 9-10-31.1 (a) does not single out medical malpractice actions for different consideration or treatment. Also, inasmuch as the hospital has acknowledged that some of the defendants in this case do reside and practice in Bibb County, and that Bibb and Pulaski Counties are not at great distance from one another, it is difficult to accept the assertions that what is at issue affects the receipt of medical care solely in Pulaski County or that there is no local interest in deciding the case in Bibb County. Furthermore, the Bibb County court did not find any administrative difficulties, and having handled the case for more than two years by the time the motion to transfer was filed, was in a sound position to assess the situation. Finally, but no less significantly, and as expressly set forth in the statute, there is the traditional deference given to the plaintiff's choice of forum, which in this case, is Bibb County.

The trial court's refusal to transfer venue of this litigation to Pulaski County stands.

*Judgment affirmed. Sears, C. J., Hunstein, P. J., Benham, Carley, Thompson, JJ., and Judge Daniel M. Coursey, Jr., concur. Melton, J., not participating.*

DECIDED JUNE 26, 2006.

*Reynolds, McArthur & Horne, W. Carl Reynolds, Katherine L. McArthur, Bradley J. Survant,* for Beck.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Laura L. Voght, Julye M. Johns, Chambless, Higdon, Richardson, Katz & Griggs, Joseph H. Chambless, Emmitte H. Griggs, David N. Nelson, Sell & Melton, Mitchel P. House, Jr., Jeffrey B. Hanson, Martin Snow,*

*Robert R. Gunn II, Hall, Booth, Smith & Slover, James E. Looper, Jr., Owens, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Thompson C. Maner,* for R. J. Taylor Memorial Hospital, Inc.
*Gambrell & Stolz, Charles M. Cork III,* amicus curiae.