S07A0704. HAWTHORN SUITES GOLF RESORTS, LLC
v. FENECK.
(651 SE2d 664)

MELTON, Justice.

In this case, Hawthorn Suites Golf Resorts, LLC, appeals the trial court's dismissal of its suit against Dana R. Feneck on the grounds of forum non conveniens. See OCGA § 9-10-31.1 (a).[1] On appeal, Hawthorn Suites contends that the trial court erred by

---

[1] OCGA § 9-10-31.1 (a) provides:
If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to the following factors: (1) Relative ease of access to sources of proof;

granting Feneck's motion to dismiss because: (1) Feneck abandoned his motion by failing to properly support it; (2) OCGA § 9-10-31.1 (a) is unconstitutional; and (3) even if OCGA § 9-10-31.1 (a) is constitutional, the facts of this case do not support a finding of forum non conveniens. For the reasons set forth below, we affirm.

The record shows that, in early 2003, Feneck was residing in Atlanta and became acquainted with the owners of Hawthorn Suites, a company incorporated in Delaware which manages resort properties. Hawthorn Suites hired Feneck as a consultant, and, eventually, Feneck was asked to manage Carter Plantation, a property owned by Hawthorn Suites in Louisiana. In April 2005, Feneck took up permanent residence in Louisiana in order to be in close proximity to Carter Plantation. Thereafter, Feneck's relationship with Hawthorn Suites soured. On October 25, 2005, Hawthorn Suites filed a civil suit against Feneck in the Superior Court of Fulton County, alleging numerous wrongdoings mainly regarding the ownership and management of the Louisiana property. Feneck was served in Louisiana on October 27, 2005. At the time that the lawsuit was filed, Feneck continued to own a home in Fulton County, Georgia, although he began residing in Louisiana before the lawsuit was filed. On December 27, 2005, Feneck moved to dismiss the suit on the grounds of forum non conveniens, and the trial court granted his motion.

1. Hawthorn Suites first argues that Feneck abandoned his motion to dismiss for failing to raise any authority or facts supporting his motion. To accompany his motion to dismiss, Feneck filed a brief in which he made detailed arguments to support his claims. With regard to legal authority, Feneck properly cited OCGA § 9-10-31.1 (a) in both his motion and his brief. With regard to facts, Feneck's arguments that venue was proper in Louisiana rested mainly on undisputed facts of record, namely that the controversy regarded management of a Louisiana property by a current Louisiana resident. Feneck's arguments and the facts of record thereby provided a sufficient basis for the trial court's consideration of whether a Louisiana court might be a more appropriate forum for litigation.

2. Hawthorn Suites contends that OCGA § 9-10-31.1 (a) violates Article VI, Section IV, Paragraph I of the 1983 Georgia Constitution[2]

---

(2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises, if viewing would be appropriate to the action; (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local interests in deciding the case locally; and (7) The traditional deference given to a plaintiff's choice of forum.

[2] This constitutional provision states: "The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. . . . The superior courts shall have such appellate jurisdiction . . . as may be provided by law."

because it automatically divests the superior court of its jurisdiction over forum non conveniens cases.[3] This argument is misplaced.

By its explicit terms, OCGA § 9-10-31.1 (a) does not automatically divest the superior court of its jurisdiction. To the contrary, a transfer of venue under the statute occurs only after the trial court exercises initial jurisdiction over the case to determine whether, "in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state." Id. Only after the trial court exercises this discretion does OCGA § 9-10-31.1 (a) provide any directive regarding the proper venue of a given case. Therefore, this statute does not divest the trial court of jurisdiction. Accordingly, OCGA § 9-10-31.1 (a) remains constitutional.

3. Hawthorn Suites argues, in the alternative, that the trial court erred by finding that Louisiana, not Georgia, was the more convenient forum for litigation of this matter. The determination of whether to transfer a case pursuant to OCGA § 9-10-31.1 (a) is a matter within the trial court's discretion, and, absent an abuse of that discretion, the trial court's decision should be affirmed. *R. J. Taylor Mem. Hosp. v. Beck*, supra, 280 Ga. 660, 662 (3) (631 SE2d 684) (2006). Here, the trial court set forth in its order a detailed analysis of all seven factors to be considered under the statute. The trial court found that: (1) due to the facts that the allegations revolved around Feneck's work in Louisiana and most of the likely witnesses were located in Louisiana, the relative ease of access to sources of proof favored Louisiana; (2) the witnesses in the case, most of whom worked for Carter Plantation, could more easily be compelled to testify in Louisiana; (3) to the extent that any premises would need to be viewed it would be Carter Plantation, located exclusively in Louisiana; (4) while Feneck would be subject to the expense of traveling to Georgia for the litigation, Hawthorn Suites would not be similarly inconvenienced by pursuing the case in a Louisiana court; (5) because the majority of the evidence and witnesses were located in Louisiana, a Georgia court would encounter numerous difficulties in administering the case, particularly with regard to compulsory process; (6) because the matter largely involves the management of a Louisiana property and Georgia's interest was insignificant, Louisiana was a more suitable venue; and (7) Hawthorn Suites' decision to litigate the case in Georgia could not override the clear implication of the preceding factors that the

---

[3] We have previously ruled that OCGA § 9-10-31.1 (a) does not violate our constitutional provision for venue in actions against joint tortfeasors. *R. J. Taylor Mem. Hosp. v. Beck*, 280 Ga. 660 (1) (631 SE2d 684) (2006) (determination by trial court that OCGA § 9-10-31.1 (a) is constitutional under 1983 Ga. Const., Art. VI, Sec. II, Par. IV was correct). See also *EHCA Cartersville v. Turner*, 280 Ga. 333 (626 SE2d 482) (2006).

case should be tried in Louisiana. Based on these specific and detailed findings, the trial court did not abuse its discretion in dismissing Hawthorn Suites' case.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

*G. Roger Land, Vincent M. Tilley,* for appellant.
*Kilpatrick Stockton, Thomas H. Christopher, Courtney B. Thompson, Rachael L. Zichella, Kiesewetter, Wise, Kaplan & Prather, Mark N. Mallery,* for appellee.